IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICTOF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § § | |
| v. | § § § | Civil Action No. 5:12-cv-00846 |
| | § § | **COMPLAINT** |
| DEPENDABLE HEALTH SERVICES, INC., | § § | JURY TRIAL DEMAND |
| Defendant. | § | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended, ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful disability-related employment practices and to provide appropriate relief to Vickie Rodriguez, who was adversely affected by such practices. The Equal Employment Opportunity Commission alleges that Defendant, Dependable Health Services, Inc., violated the ADA by terminating Vickie Rodriguez's employment as an administrative assistant on the basis of disability, as defined by the ADA because it regarded her as disabled. After a hospitalization and return to work, Defendant, Dependable Health Services, Inc., discharged Ms. Rodriguez upon observing physical manifestations of a medical condition, and assuming that Ms. Rodriguez had suffered a stroke and might become further impaired.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA,

42 U.S.C. § 12117(a) which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas, San Antonio Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, Dependable Health Services, Inc. ("DHS"), has continuously been a Texas corporation doing business in the State of Texas and the City of San Antonio, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant, DHS, has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5) and Section 101(7) of the ADA, 42 U.S.C. § 12111(7) which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant, DHS, has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Vicki Rodriguez filed a charge with the Commission alleging violations of Title I of the ADA, by Defendant, DHS. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. On or about May 9, 2011, Defendant, DHS, engaged in unlawful employment practices at its facility in San Antonio, Texas, in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112 *et seq*., when it terminated Vicki Rodriguez's employment as an administrative assistant on the basis of disability, as defined by the ADA, because DHS regarded Ms. Rodriguez as being disabled. Based on a hospitalization and the employer's observation of the physical effects of Bell's palsy, the Defendant, DHS assumed that Ms. Rodriguez suffered a stroke and that she might experience further impairment. On the basis of such assumption, Defendant, DHS terminated Ms. Rodriguez's employment.

9. The effect of the practices complained of in paragraph eight (8) above has been to deprive Vicki Rodriguez of equal employment opportunities and to otherwise adversely affect her status as an employee because of her disability, as defined by the ADA, based on her perceived physical or mental impairment.

10. The unlawful employment practices complained of in paragraph eight (8) above were intentional.

11. The unlawful employment practices complained of in paragraph eight (8) above were done with malice or with reckless indifference to the federally protected rights of Vicki Rodriguez.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

  A. Grant a permanent injunction enjoining Defendant, DHS, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discharging employees because they are perceived as or actually disabled, and any other employment practice which discriminates on the basis of disability;

  B. Order Defendant, Employer, to make whole Vicki Rodriguez by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Vicki Rodriguez, or front pay in lieu thereof;

  C. Order Defendant, Employer, to make whole Vicki Rodriguez by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph eight (8) above, including, but not limited to, relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial;

  D. Order Defendant, Employer, to make whole Vicki Rodriguez by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices complained of in paragraph eight (8) above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

  E. Order Defendant, Employer, to pay Vicki Rodriguez punitive damages for engaging in discriminatory practices with malice or reckless indifference to Ms. Rodriguez's federally protected rights, as described in paragraph eight (8) above, in an amount to be determined at trial;

  F. Grant such further relief as the Court deems necessary and proper in the public interest; and

G.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        Respectfully submitted,

        P. DAVID LOPEZ
        General Counsel

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        /s/ Robert A. Canino w/permission
        by *Judith G. Taylor*
        _____
        ROBERT A. CANINO
        Regional Attorney
        Oklahoma State Bar No. 011782

        /s/ *Judith G. Taylor*
        _____
        JUDITH G. TAYLOR
        Supervisory Trial Attorney
        Texas State Bar No. 19708300
        E-mail: judith.taylor@eeoc.gov

        /s/ David Rivela w/permission
        by *Judith G. Taylor*
        _____
        DAVID RIVELA
        Trial Attorney
        Texas State Bar No. 00797324
        E-mail: david.rivela@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
San Antonio Field Office
5410 Fredericksburg Rd., Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 281-7619
Facsimile: (210) 281-7669

**ATTORNEYS FOR PLAINTIFF**