IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
APR - 1 2013
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | |
| and | § § | |
| VICKIE RODRIGUEZ, | § | Civil Action No. 5:12-cv-000846-XR |
| Plaintiff-Intervenor, | § § § | |
| v. | § § | |
| DEPENDABLE HEALTH SERVICES, INC., | § § | |
| Defendant. | § § | |

## CONSENT DECREE

The parties to this Consent Decree are the Plaintiff, United States Equal Employment Opportunity Commission ("EEOC"), Plaintiff-Intervenor, Vicki Rodriguez (misidentified in pleadings filed with the Court herein as Vickie Rodriguez) ("Plaintiff-Intervenor"), and Defendant, Dependable Health Services, Inc. ("Dependable Health") (collectively referred to as the "Parties"). The Parties agree that this Consent Decree resolves the allegations raised by the EEOC and the Plaintiff-Intervenor in the above-referenced Civil Action No. 5:12-cv-00846-XR.

The EEOC initiated this lawsuit under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991, to correct alleged unlawful employment practices on the basis of disability and to make whole Plaintiff-Intervenor, who was allegedly adversely affected by such practices. The Equal Employment Opportunity

#4227736.5                                    1

Commission alleges that Dependable Health Services violated the ADA, as amended, by terminating Plaintiff-Intervenor's employment as an administrative assistant on the basis of disability, as defined by the ADA, as amended, because it regarded her as being disabled. Plaintiff-Intervenor intervened in the EEOC's lawsuit and the allegations contained in the Plaintiff-Intervenor's Complaint-in-Intervention mirror, in large part, the allegations asserted by the EEOC.

The EEOC, Plaintiff-Intervenor, and Dependable Health wish to settle this action, without the necessity of further litigation, pursuant to the terms delineated in this Consent Decree. The Consent Decree is entered for the sole purpose of avoiding the expenses associated with this litigation without any admission by Dependable Health of any liability, wrongdoing, discriminatory conduct, or violation of the ADA, as amended, or any other law.

IT IS ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction of the subject matter of the claims and causes of action asserted by the EEOC and Plaintiff-Intervenor against Dependable Health, venue is proper, and all administrative prerequisites to the EEOC's and Plaintiff-Intervenor's filings have been met.

2. This Consent Decree fully and finally resolves all issues raised in EEOC's Complaint and Plaintiff-Intervenor's Complaint in Intervention in this case (hereinafter collectively referred to as the "Complaints"). The EEOC and Plaintiff-Intervenor waive further litigation of any and all claims raised in the above-referenced Complaints. The EEOC expressly reserves its right, however, to process and litigate any other charges which may now be pending or may in the future be filed against Dependable Health.

3. The duration of this Consent Decree shall be two (2) years from the date of its filing with the Court. The Court shall retain jurisdiction of this case during the term of this

Consent Decree to enforce compliance and to take any action necessary and/or appropriate for its interpretation, execution, modification and/or adjudication of disputes. Any alleged violation of the Consent Decree by Dependable Health, or its agents or assigns, shall toll the running of this two (2) year period as of the date of the violation. If the Court subsequently determines this Consent Decree has been violated, the two (2) year period shall recommence and continue from the date of entry of an Order setting out such a violation or until such time as ordered by the Court. Should the Court find this Consent Decree has not been violated, the two (2) year period shall recommence, retroactive to the date of the filing of the pleading alleging that a violation had occurred.

4.     During the term of this Consent Decree, Dependable Health, its officers, successors, assigns, agents, representatives and employees, and all persons in active concert or participation with them, are hereby enjoined from engaging in conduct which results in termination due to a perception of disability.

5.     Within ten (10) days of the Court's entry of this Consent Decree, Dependable Health, shall, in settlement of this dispute, pay Plaintiff-Intervenor a total sum of $24,000 for alleged lost wages and alleged emotional distress. Dependable Health shall deduct applicable taxes from the funds allocated to alleged lost wages and submit to governmental authorities all employee and employer taxes which are due from said payment. In addition, Dependable Health, shall, in settlement of this dispute, pay attorney's fees in the total sum of $16,000 to Alex Katzman, KATZMAN & KATZMAN. Payments shall be mailed directly to Plaintiff-Intervenor's attorney, Alex Katzman, KATZMAN & KATZMAN, 10001 Reunion Place, Suite 600, San Antonio, Texas 78216. Plaintiff-Intervenor and her attorney, respectively, shall

be personally responsible for payment of any applicable federal taxes on the funds paid for alleged emotional distress and attorney's fees.

6. Copies of all the settlement checks and any accompanying transmittal documents shall be forwarded to Judith G. Taylor, Supervisory Trial Attorney, San Antonio Field Office, United States Equal Employment Opportunity Commission, 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229.

7. Within ninety (90) days from the entry of this Consent Decree, Dependable Health will provide no less than two (2) hours of training to all managers and supervisors in Dependable Health's corporate office on the requirements of the Americans with Disabilities Act and the Amendment thereto. The training will include the following topics: (1) what constitutes employment discrimination in violation of the Americans with Disabilities Act and the Amendment thereto; (2) how to prevent, identify and remedy disability discrimination; and (3) Dependable Health's policy against disability discrimination, including procedures and responsibilities for reporting, investigating and remedying conduct an employee or applicant believes may constitute employment discrimination under the Americans with Disabilities Act and the Amendment thereto. James H. Kizziar, Jr. of BRACEWELL & GIULIANI LLP shall conduct this training and will send a copy of the training presentation outline to the EEOC at least (10) days before any training session occurs. The EEOC reserves the right to approve the trainer and training materials and will not unreasonably withhold such approval. Within twenty (20) days after the training has been completed, Dependable Health shall provide to the EEOC certification that the training has been completed, identifying each individual who attended the training and the date.

8.   Within ten (10) days from the entry of this Consent Decree, Dependable Health shall distribute a copy of the Notice attached as Exhibit "A" to this Consent Decree to all current corporate office employees. Additionally, during the term of this Consent Decree, Dependable Health shall ensure a copy of this Notice is provided to all newly-hired employees in the corporate office at the onset of employment.

9.   Within forty-five (45) days from the entry of this Consent Decree, Dependable Health shall promulgate or reaffirm a policy or policies that prohibit discrimination against employees and/or applicants for employment on the basis of disability; prohibits any act, policy or practice that has the effect of discriminating against any employee and/or applicant for employment on the basis of disability in violation of the ADA; requires that all employees and employment candidates report incidents of discrimination to the person(s) identified by Dependable Health as the person(s) charged with the responsibility for investigating discrimination complaints; provides for prompt investigation of disability discrimination complaints from both employees and employment candidates and provides for prompt action, which is appropriate and effective, to remedy the discrimination; and provides for substantial discipline for violating this policy.

10.   Nothing contained in this Consent Decree shall be construed as an acknowledgement or admission by Dependable Health that: (a) the allegations contained in the Complaints have any merit whatsoever or form any basis for liability; (b) it has violated the ADA, as amended; (c) it has violated any other federal or state law; (d) it has engaged in any wrongdoing; or (e) it has engaged in any discriminatory or illegal actions.

11.   During the term of this Consent Decree, the EEOC shall have the right to ensure compliance with the terms of this Consent Decree and may, upon ten (10) days written notice to

James H. Kizziar, Jr. BRACEWELL & GIULIANI LLP, 100 S. St. Mary's Street, Suite 800, San Antonio, Texas 78205:

    a. Conduct inspections at Dependable Health's corporate office;

    b. Interview corporate office employees; and

    c. Examine and copy relevant documents located at Dependable Health's corporate office.

11. Dependable Health shall bear the costs associated with administering and implementing the provisions of this Consent Decree.

12. The terms of this Consent Decree shall be binding upon the EEOC, Plaintiff-Intervenor and Dependable Health, their respective agents, officers, representatives, employees, successors, and assigns, as to the issues resolved herein.

13. When this Consent Decree requires the submission by Dependable Health of documents or other materials to the EEOC, such documents or other materials shall be mailed to Judith G. Taylor, Supervisory Trial Attorney, United States Equal Employment Opportunity Commission, San Antonio Field Office, 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229.

SO ORDERED AND ENTERED this 1st day of April, 2013.

_____
HONORABLE XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

    Respectfully submitted,

    P. DAVID LOPEZ
    General Counsel

    JAMES L. LEE
    Deputy General Counsel

/s/ James J. Kizziar, Jr.
JAMES J. KIZZIAR, Jr.
Texas State Bar No. 11547600
E-mail: James.kizziar@bgllp.com
KELLI M. BORBÓN
Texas State Bar No. 00796750
E-mail: kelli.borbon@bgllp.com

BRACEWELL & GIULIANI LLP
106 S. St. Mary's Street, Suite 800
San Antonio, Texas 78205
Telephone: (210) 226-1166
Facsimile: (210) 226-1133

**ATTORNEYS FOR DEFENDANT**

GWENDOLYN YOUNG REAMS
Associate General Counsel

_[signature: Robert A. Canino by JGT w/ permission]_
ROBERT A. CANINO
Regional Attorney
Oklahoma Bar No. 011782

_[signature]_
JUDITH G. TAYLOR
Supervisory Trial Attorney
Texas State Bar No. 19708300
E-mail: Judith.Taylor@eeoc.gov

_[signature]_
DAVID RIVELA
Trial Attorney
Texas State Bar No. 00797324
E-mail: David.Rivela@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
5410 Fredericksburg Rd. Suite 200
San Antonio, Texas. 78229
Telephone: (210)281-7619
Facsimile: (210)281-7669

**ATTORNEYS FOR PLAINTIFF**


ALEX KATZMAN
Texas State Bar No. 00786939
E-mail: alex@katzmanandkatzman.com

KATZMAN & KATZMAN
  ATTORNEYS AT LAW
10001 Reunion Place, Suite 600
San Antonio, Texas 78216
Telephone: (210) 979-7300
Facsimile: (210) 979-7357

**ATTORNEY FOR
PLAINTIFF-INTERVENOR**

GWENDOLYN YOUNG REAMS
Associate General Counsel

ROBERT A. CANINO
Regional Attorney
Oklahoma Bar No. 011782

JAMES J. KIZZIAR, Jr.
Texas State Bar No. 11547600
E-mail: James.kizziar@bgllp.com
KELLI M. BORBÓN
Texas State Bar No. 00796750
E-mail: kelli.borbon@bgllp.com

JUDITH G. TAYLOR
Supervisory Trial Attorney
Texas State Bar No. 19708300
E-mail: Judith.Taylor@eeoc.gov

BRACEWELL & GIULIANI LLP
106 S. St. Mary's Street, Suite 800
San Antonio, Texas 78205
Telephone: (210) 226-1166
Facsimile: (210) 226-1133

DAVID RIVELA
Trial Attorney
Texas State Bar No. 00797324
E-mail: David.Rivela@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
   COMMISSION
5410 Fredericksburg Rd. Suite 200
San Antonio, Texas. 78229
Telephone: (210)281-7619
Facsimile: (210)281-7669

**ATTORNEYS FOR DEFENDANT**

**ATTORNEYS FOR PLAINTIFF**

ALEX KATZMAN
Texas State Bar No. 00786939
E-mail: alex@katzmanandkatzman.com

KATZMAN & KATZMAN
   ATTORNEYS AT LAW
10001 Reunion Place, Suite 600
San Antonio, Texas 78216
Telephone: (210) 979-7300
Facsimile: (210) 979-7357

**ATTORNEY FOR
PLAINTIFF-INTERVENOR**

# EXHIBIT A

## NOTICE TO ALL CORPORATE OFFICE EMPLOYEES OF DEPENDABLE HEALTH SERVICES, INC.

**POLICY:** Discrimination of any kind can and often will detract from an employee's job performance, discourage employees from remaining on the job, keep employees from advancing in their careers and lower overall employee morale and productivity. It is the policy of Dependable Health Services, Inc. ("Dependable Health"), that discrimination is unacceptable conduct and will not be condoned.

**PURPOSE:** It is the purpose of this policy to reaffirm Title I of the Americans with Disabilities Act and the amendments thereto and the Equal Employment Opportunity Commission's guidelines on discrimination and to reiterate Dependable Health's policy against discrimination.

**SCOPE:** This policy extends to all employees of Dependable Health, including management, non-management, temporary and/or entry.

**DEFINITION OF DISABILITY:** Not everyone with a medical condition is protected by the law. In order to be protected by law, a person must be qualified for the job for which he or she has applied and/or holds and have a disability as defined by the law.

A person can show that he or she has a disability in one of three ways:

- A person may be disabled if he or she has a physical or mental condition that substantially limits a major life activity (such as walking, talking, seeing, hearing, or learning).
- A person may be disabled if he or she has a history of a disability (such as cancer that is in remission).
- A person may be disabled if he or she is believed by the employer to have a physical or mental impairment that is not transitory (lasting or expected to last six months or less) and minor (even if he or she does not have such an impairment).

**GENERAL:**

Examples of disability discrimination include:

- Failing or refusing to hire an individual, or discriminating in any other manner against an individual in regard to job application procedures or hiring, and other terms, conditions, and privileges of employment;
- Limiting, segregating, or classifying a job applicant or employee in a way that adversely affects the opportunities or status of such applicant or employee because of the disability of such applicant or employee;
- Utilizing standards, criteria, or methods of administration that have the effect of discrimination on the basis of disability; and

- Failing to make a proper, individualized assessment of the effect of a job applicant's or employee's disability or his or her ability to perform essential functions of the job at issue.

**RESPONSIBILITY:** Each level of Dependable Health management is responsible for ensuring that all personnel policies, procedures, and activities are in full compliance with applicable federal, state, and local equal employment laws, statute, rules, and regulations regarding discrimination. Employees are expected to read, understand, and comply with the policies that Dependable Health has established to prevent discrimination.

Dependable Health will engage in an interactive process with applicants and employees who request accommodations and will explore reasonable accommodations pursuant to the EEOC's Guidelines: Reasonable Accommodation and Undue Hardship Under the Americans with Disabilities Act and 29 C.F.R. §1630.2 *et seq*. Accommodation alternatives may include, for example, making existing facilities used by employees readily accessible to and usable by individuals with disabilities; job restructuring; part-time or modified work schedules; reassignment to a vacant position when an employee is unable to perform the essential functions of his or her current position; acquisition or modifications of equipment or devices; appropriate adjustment or modifications of examinations, training materials, or policies; and other similar accommodations for individuals with disabilities.

**REPORTING PROCEDURES:** Any employee who believes that he or she has been subjected to discrimination on account of a disability is expected to report the alleged act as soon as possible to that person's immediate supervisor, any supervisor or manager with Dependable Health or the Human Resources Department. The Human Resources Department may be contacted at 118 Broadway, Suite 528, San Antonio, Texas 78205, or by telephone at (210) 736-4300. Supervisors and managers who are informed of an alleged incident of discrimination must immediately notify the Human Resources Department. In addition to reporting a complaint of discrimination to company officials, a person may also contact the U.S. Equal Employment Opportunity Commission, and file a charge of employment discrimination. The address and telephone number of the EEOC office is 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229; 1 (866) 408-8075, 1 (800) 669-4000 or 1 (210) 281-7610 (TTY). Information about employment rights and the procedures dealing with how to file a charge is available on the Internet at www.eeoc.gov.

**INVESTIGATION OF COMPLAINTS:** An investigation of each complaint will be undertaken immediately by the Human Resources Department. The investigation may include interviewing employees and supervisors at the facility, and the inspection of documents, including personnel records, and a full inspection of the premises.

**DISCIPLINE FOR VIOLATION:** Employees who engage in discrimination can expect disciplinary action. After an appropriate investigation, any employee, whether management or non-management, who has been found to have engaged in discrimination against another employee because of disability will be subject to appropriate sanctions, depending on the circumstances, from a written warning placed in his/her personnel file up to and including termination of employment.

**RETALIATION:** Applicable laws and Dependable Health's policies prohibit retaliation against any employee because that person has opposed what he or she believes to be unlawful employment practices, including discrimination; or has filed a charge of discrimination, or has given testimony, assistance, or has participated in any manner in any investigation, proceeding or hearing under the ADA as amended. Dependable Health will not retaliate for reporting discrimination simply because you have made a complaint under the above guidelines.

A COPY OF THIS NOTICE WILL BE DISTRIBUTED TO ALL CURRENT CORPORATE OFFICE EMPLOYEES AND NEW HIRES IN THE CORPORATE OFFICE FOR A PERIOD OF TWO (2) YEARS.

3/29/13
Date

(Name) Joe Wiby

(Title) Pres/CEO

DEPENDABLE HEALTH SERVICES, INC.